

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-6279
Re: Payment of District Judge's
claim for expenses from ap-
propriation for Judicial Sec-
tion of Comptroller's Depart-
ment (H. B. 665, Ch. 401, Reg.
Session, 48th Leg.), when said
expenses were incurred by per-
formance of services outside of
county of Judge's residence,
under appointment by Governor
to sit with District Judges of
another district in appointment
of county auditor.

We are in receipt of your letter of recent date, re-
questing the opinion of this department on the above stated
matter. Your letter reads, in part, as follows:

"I am attaching hereto a claim filed with this
department by Judge Wm. M. Cramer, 101st Judicial
District, Dallas, Texas, which is self-explanatory.

"I shall thank you to advise this department
whether or not this claim may be paid against Item
5 or Item 6 of the appropriation made for the Jud-
iciary Section to the Comptroller's Department by
the Regular Appropriation Bill of the Forty-eighth
Legislature, or from any other appropriation."

The claim and affidavit in support thereof, referred
to by the foregoing letter, reads, in part, as follows:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable George H. Sheppard, Page 2


"THE STATE OF TEXAS,

     Dr:

TO Wm. M. CRAMER

10-26-44, Railroad fare and Pullman, Dallas to
Texarkana and return, 400 miles . . . . . . . . $13.25

Hotel, meals, etc. . . . . . . . . . . . . . . . . $ 6.75
                       Total     $20.10

THE STATE OF TEXAS |

COUNTY OF DALLAS |

    . . . . that said account was incurred necessarily
in the discharge of his official duties as Judge of the
101st District Court of Dallas County, Texas on a neces-
sary trip from Dallas, Texas, to Texarkana, Texas there
to sit with the District Judges of Bowie County, Texas
in the selection and appointment of a county auditor of
Bowie County, Texas; that said Judges, having failed
to agree on an auditor and that fact, having theretofore
certified to the Governor as provided in Article 1647
R. C. S. 1925, and the appointment of the affiant by the
Governor under said Article 1647, to sit with said Judges
in the appointment of said auditor. Said services were
performed outside of affiant's residence, my residence
being in Dallas County, Texas.

    ". . . ."

    Judge Wm. M. Cramer's letter, addressed to you under
date of November 9, 1944, reads, in part, as follows:

    ". . . It was my opinion at the time that I
was entitled to reimbursement for this expense from
the State out of the appropriation for the Judiciary,
authorized Article 6820 R. C. S. 1925. I base that on
the opinion of the Attorney General No. O-6072-A, dated

Honorable George H. Sheppard, Page 3

Section 44, Article 3, Constitution of Texas, provides:

"The Legislature shall provide by law for the compensation of all officers, servants, agents and public contractors, not provided for in this Constitution, but shall not grant extra compensation . . .; nor grant by appropriation or otherwise, any amount of money out of the Treasury of the State, to any individual, on a claim, real or pretended, when same shall not have been provided for by pre-existing law; . . . ."

Section 6, Article 8, Constitution of Texas, provides, in part, as follows:

"No money shall be drawn from the Treasury but in pursuance of specific appropriations made by law; . . . ." (emphasis ours)

Article 1647, Vernon's Annotated Civil Statutes, provides, in part, as follows:

"The district judges having jurisdiction in the county, shall appoint the county auditor at a special meeting held for that purpose, a majority ruling; provided, that if a majority of such judges fail to agree upon the selection of some person as auditor, then either of said judges shall certify such fact to the Governor, who shall thereupon appoint some other district judge to act and vote with the aforesaid judges in the selection of such auditor. . . ."

Article 6820, Vernon's Annotated Civil Statutes, provides:

"All district judges and district attorneys when engaged in the discharge of their official duties in any county in this State other than the county of their residence, shall be allowed their actual and necessary expenses while actually engaged in the discharge of such duties, not to exceed four dollars per day for hotel bills, and not to exceed four cents a mile when traveling by railroad, and not to exceed twenty cents a mile when traveling by private conveyance, in going to and returning from the place where such duties are

Honorable George H. Sheppard, Page 4

discharged, traveling by the nearest practical route. Such officers shall also receive the actual and necessary postage, telegraph and telephone expenses incurred by them in the actual discharge of their duties. Such expenses shall be paid by the State upon the sworn and itemized account of each district judge or attorney entitled thereto, showing such expenses. In districts containing more than one county, such expenses shall never exceed in any one year $100.00 for each county in the district; provided that no district judge or attorney shall receive more than $600.00 in any one year under the provisions of this article. The account for said services shall be recorded in the official minutes of the district court of the county in which such judge or attorney resides, respectively. (Acts 1923, p. 50).

General and Special Laws of Texas, Regular Session, 48th Leg., 1943, H. B. No. 665, Ch. 401, p. 1035, with reference to the Judiciary Section - Comptroller's Department, reads, in part as follows:

|  | "For the Years Beginning September 1, 1943 | Ending August 31, 1945 |
|---|---|---|
| " . . . . |  |  |
| "5. District judges' and district attorneys' expenses in districts composed of two or more counties (per Article 6820 and 326K-37, R.C.S., 1925) . . . . . . . . . . | 47,600.00 | 47,600.00 |
| "6. Special district judges' salaries and regular district judges' expenses when holding court out of their district . . . | 7,500.00 | 7,500.00 |
| " . . . ." |  |  |

Honorable George H. Sheppard, Page 5


We refer you to our Opinion No. 0-6072A, which was addressed to you, concerning the construction of Article 6820.

It is the opinion of this department that Article 6820 is a pre-existing law which would authorize the Legislature to make an appropriation to pay the actual and necessary expenses incurred by any district judge while actually engaged in the discharge of his official duties in any county in this State other than the county of his residence. Also, a district judge, who, under appointment by the Governor, assists the district judges of another district in the selection of a county auditor, is performing an official duty imposed upon him by law (Article 1647).

We note that Item 5 of the appropriation for the Judiciary Section - Comptroller's Department is limited, as to specific purpose and amount, to the payment of the expenses of district judges' and district attorneys' in districts composed of two or more counties, as provided in the latter part of Article 6820. Expenses incurred by the Judge of the 101st District Court, a district composed of only one county, would not come within the limitation of Item 5, which is an appropriation for the payment of those expenses incurred by a district judge in a district composed of two or more counties. Therefore, such claim for expenses should not be paid from Item 5. We note that Item 6 of the appropriation for the Judiciary Section - Comptroller's Department is limited, as to specific purpose and amount, to the payment of "Special district judges' salaries and regular district judges' expenses when holding court out of their district." The claim herein discussed does not involve a special district judges' salary. It is clear that when a district judge assists the district judges of another district in appointing a county auditor, such service, although official in nature, is a service other than that of "holding court". Therefore, the claim submitted by Judge Cramer should not be paid from Item 6.

We are unable to find any specific appropriation made by the 48th Legislature for the purpose of paying the expenses of a district judge of a district composed of only one county, when said expenses were incurred by the judges' performance of a duty other than that of "holding court" outside of his district. Although there is a pre-existing law (Article 6820) which would authorize the Legislature to make an appropriation to pay expenses of this character, yet "no money shall be drawn from the Treasury but in pursuance of specific appropriations made by law." Section 6, Article 8, Constitution of Texas.

Honorable George H. Sheppard, Page 6


After carefully considering the foregoing constitutional and statutory provisions, together with the Appropriation Act of the 48th Legislature, it is the opinion of this department that no specific appropriation has been made by the Legislature to pay the claim referred to in your inquiry.

We are returning herewith your file which accompanied this request for an opinion.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By       J. A. Ellis
             Assistant

JAE:fo
Enc.



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN